IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,    :

    Plaintiff,              :

  v.                          :    Case No. 2:08-mj-218-TK

Tyrone McClure,              :    JUDGE GRAHAM

    Defendant.              :

## DETENTION ORDER

The Court held a preliminary hearing and detention hearing in this case on May 1, 2008.  After hearing evidence and argument, the Court detained the defendant without bond.  The reasons for that action are set forth below.

Defendant was charged in a complaint with attempting to possess over one kilogram of cocaine with the intent to distribute it.  That offense allegedly occurred on April 22, 2008.  According to the testimony of Franklin County Sheriff's Deputy Austin Francescone, defendant and an individual who became a confidential informant in February, 2008, had engaged in cocaine transactions in the past, and arranged (via a recorded telephone call) to do so again on April 22.  On that date, defendant appeared at a pre-arranged location to pick up two kilograms of cocaine.  He had about $6,000 with him.  Some of the purchase price was to be offset by a prior debt which the informant owed to the defendant.  The defendant was arrested once he arrived at the scene and charged with attempted possession of cocaine.  This evidence was sufficient to establish probable cause.  That finding, in turn, triggers a presumption of detention, explained as follows.

    <u>Legal Standard Applicable</u>.  The United States' request

for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (2l U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the

case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

In deciding if defendant has rebutted the presumption against release, the Court relies primarily upon the report prepared by the Pretrial Services office (although there was testimony that no firearms were found on defendant at the time of arrest, and law enforcement had no information that he routinely carries a weapon).  According to that report, defendant is a

life-long resident of central Ohio.  He has been employed, but rarely in a position that produces a pay stub.  His criminal record dates back to when he turned 18.  He has three prior drug felony convictions, has failed to appear in Court on several occasions, and was declared a probation absconder in 2005.  There are still warrants active for him on the probation charges.  His probation was also extended once, indicating that he was not complying with his probation conditions.  He has a history of marijuana use as well.

The defendant simply failed to rebut the presumption that he should be detained.  His history of drug offenses and of adjusting poorly while under supervision, to the point of being declared an absconder from probation, more than offset his ties to the Ohio area and his employment history.  A defendant's prior adjustment to supervision is a good indicator of how that person may behave if released on similar conditions.  Additionally, the evidence against him is strong, consisting of his own voice on a telephone call arranging a drug purchase and his appearance at the pre-arranged location with a substantial sum of cash.  For all of these reasons, the Court detained the defendant without bond pending trial.

The defendant was advised of his right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge